Filed 4/28/22  P. v. Thomas CA6
Opinion following transfer from Supreme Court
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H047467 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS160707A) |
| v. | |
| SHANE LAMONT THOMAS, JR., | |
| Defendant and Appellant. | |

Opinion following remand from Supreme Court.


Pursuant to a negotiated plea agreement, appellant Shane Lamont Thomas, Jr. pleaded no contest to felony assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)[1]) and felony evading an officer (Veh. Code, § 2800.2, subd. (a)).  He also admitted allegations that he had served two prior prison terms (§ 667.5, subd. (b)) (hereafter "prior prison term enhancements") and had suffered a prior strike conviction (§ 1170.12, subd. (c)(1)).  In accord with the plea agreement, the trial court sentenced Thomas to seven years four months in prison, which included two consecutive one-year prior prison term enhancements.

---

[1] Unspecified statutory references are to the Penal Code.

In his initial appeal to this court, Thomas contended this court should strike the two prior prison term enhancements in light of Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136). The Attorney General conceded that the prior prison term enhancements were invalid under current law but argued this court should remand the case to allow the district attorney and the trial court to withdraw their approval of the plea agreement.

Relying on the California Supreme Court's ruling in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), this court conditionally reversed the judgment and remanded the matter to permit Thomas the opportunity to request relief under Senate Bill 136 in the trial court. Thereafter, the California Supreme Court granted Thomas's petition for review, ordered this court to vacate its decision, and remanded the matter for reconsideration in light of the enactment of Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483).

As explained further below, Senate Bill 483, effective on January 1, 2022, added section 1171.1 to the Penal Code (Stats. 2021, ch. 728) and made a number of statutory changes relevant to Thomas's appeal. Having considered Senate Bill 483, we now strike the two, one-year prior prison term enhancements under former section 667.5, subdivision (b) and remand the matter to the trial court for resentencing consistent with section 1171.1.

## I. PROCEDURAL AND LEGAL BACKGROUND

### A. *Trial Court*

On August 8, 2019, the Monterey County District Attorney filed an amended information charging Thomas with assault with a deadly weapon (§ 245, subd. (a)(1); count 1), evading a pursuing peace officer while driving with willful wanton disregard for safety (Veh. Code, § 2800.2, subd. (a); counts 2 & 8), evading a pursuing peace officer while driving willfully against traffic (Veh. Code, § 2800.4; count 9), misdemeanor resisting an officer (§ 148, subd. (a)(1); count 3), misdemeanor hit-and-run driving

(Veh. Code, § 20002, subd. (a); counts 4, 5 & 10), misdemeanor driving with a license that was suspended for driving under the influence (Veh. Code, § 14601.2, subd. (a); counts 6 & 11), and misdemeanor giving false information to an officer (§ 148.9, subd. (a); count 7).[2]  In addition, the information alleged that Thomas had suffered a prior strike conviction (§ 1170.12, subd. (c)(1)) and had served three prior prison terms within the meaning of then-current section 667.5, subdivision (b).  The prior prison terms had resulted from Thomas's convictions for domestic violence (§ 273.5, subd. (a)), assault with a deadly weapon (§ 245, subd. (a)(1)), and possession of a firearm by a felon (former § 12021, subd. (a)(1)).

On August 8, 2019, the district attorney amended count 1 to allege felony assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)).  Pursuant to a negotiated written plea agreement, Thomas pleaded no contest to count 1 (as amended) and count 8 (felony evading an officer).  Thomas also admitted the prior strike conviction allegation and two of the three prior prison term enhancement allegations (i.e., for his domestic violence conviction and assault with a deadly weapon conviction).  The parties stipulated that Thomas's total prison term would be seven years four months.  The plea agreement included a waiver of Thomas's rights to appellate review,[3] but the agreement did not contain any provision stating that it would be unaffected by future statutory changes.  The trial court accepted Thomas's plea.

[2] The amended information was filed in Monterey County Superior Court case No. SS160707A and combined charges from that case with those filed originally in another case, No. SS161282A.  The charges in the amended information arose from two different incidents.  We do not recount the underlying facts of Thomas's offenses because they are not relevant to the issues in this appeal.

[3] The waiver provision reads as follows:  "(Appeal and Plea Withdrawal Waiver) I hereby waive and give up all rights regarding state and federal writs and appeals.  This includes, but is not limited to, the right to appeal my conviction, the judgment, and any other orders previously issued by this court.  I agree not to file any collateral attacks on my conviction or sentence at any time in the future.  I further agree not to ask the Court to withdraw my plea for any reason after it is entered."

On October 10, 2019, the trial court sentenced Thomas under the terms of the plea agreement. The court imposed a prison sentence of four years on count 1, a consecutive 16-month term on count 8, and consecutive one-year terms for each of the two prior prison term enhancements, for an aggregate term of seven years four months. The remaining counts and prior prison term enhancement allegation were dismissed on the district attorney's motion.[4]

Thomas timely filed a notice of appeal, and the trial court granted a certificate of probable cause.

B. *Initial Appeal*

In his initial appeal to this court, Thomas contended that Senate Bill 136 required vacatur of his sentence. Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b), to limit prior prison term enhancements solely to prior terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Lopez* (2019) 42 Cal.App.5th 337, 341.)

With the exception of the appropriate remedy, Thomas and the Attorney General agreed on the resolution of the substantive issues posed by Thomas's appeal.

The parties agreed that Thomas's appellate-rights waiver did not preclude him from seeking the benefit of Senate Bill 136 (§ 1016.8, subd. (b); see *People v. Castellanos* (2020) 51 Cal.App.5th 267, 273; *People v. Barton* (2020) 52 Cal.App.5th 1145, 1153–1154); the prior prison terms underlying the two admitted prior prison term

---

[4] For the benefit of the trial court on remand, we note that the original abstract of judgment contains a number of errors. The abstract incorrectly states that the time imposed was two years on count 1 and eight months on count 8. Although the abstract of judgment properly states that the total time imposed was seven years four months, the time actually imposed on count 1 was not two years; rather it was four years (i.e., the low term of two years doubled). Further, the time actually imposed on count 8 was not eight months; rather it was one year four months (i.e., one-third midterm sentence of eight months doubled).

enhancement allegations were not served by Thomas for a sexually violent offense (§ 667.5, subd. (b)); and the changes effected by Senate Bill 136 applied retroactively to cases in which the judgment is not yet final. (*People v. Winn* (2020) 44 Cal.App.5th 859, 872; *People v. Petri* (2020) 45 Cal.App.5th 82, 94.) Therefore, the prior prison term enhancements no longer applied to Thomas's case.

The parties in their initial briefing on appeal did not agree on the appropriate remedy. Thomas urged this court to strike his two prior prison term enhancements without a remand for resentencing. The Attorney General, by contrast, contended, pursuant to *Stamps*, *supra*, 9 Cal.5th 685, we should remand the case to the trial court "with directions to strike the enhancements, allowing the People (and the court) the opportunity to withdraw their approval of the plea."

In a decision issued on May 28, 2021, this court agreed with Thomas that the prison priors must be stricken but rejected his proposed remedy. This court followed the reasoning of the Court of Appeal in *People v. Hernandez* (2020) 55 Cal.App.5th 942, 956–960, review granted on January 27, 2021, matter transferred to the Court of Appeal with directions to vacate its decision and reconsider the cause on December 22, 2021, S265739, that the analysis in *Stamps* should control since "there is no evidence the Legislature intended Senate Bill 136 to permit the trial court to unilaterally modify a plea agreement once the prior prison term enhancements are stricken." (*Id.* at p. 958.)

Because the two, one-year prior prison term enhancements were a material part of Thomas's plea bargain originally negotiated by the parties and approved by the trial court (and under which the district attorney dismissed multiple remaining charges), we concluded that the district attorney and the trial court must be given the opportunity to withdraw their approval of the original plea agreement if Thomas desired the benefit of the retroactive change in law effected by Senate Bill 136. Thomas filed a petition for review in the California Supreme Court of this court's decision.

5

C. *Supreme Court Review*

On August 11, 2021, the California Supreme Court granted Thomas's petition for review and on March 30, 2022, transferred the matter back to this court, without issuing an opinion but with directions to vacate the decision and reconsider the cause in light of the enactment of Senate Bill 483. That same day, this court vacated its prior decision.

On April 8, 2022, Thomas filed a supplemental brief with this court and argued that as a result of Senate Bill 483, his two prior prison term enhancements must be stricken, leaving the remainder of his plea bargain in effect. Thomas also contended that the matter must be remanded for resentencing under section 1171.1. The Attorney General filed a supplemental brief on April 11, 2022, agreeing that the prior prison term enhancements should be stricken and the matter remanded for resentencing in compliance with section 1171.1.

## II. DISCUSSION

A. *Senate Bill 483*

Senate Bill 483, effective on January 1, 2022, added section 1171.1 to the Penal Code. (Stats. 2021, ch. 728, § 3.) Section 1171.1 declares that enhancements imposed before January 1, 2020, under former section 667.5, subdivision (b), are legally invalid (except under circumstances not applicable here). (§ 1171.1, subd. (a).) Senate Bill 483 extends the modifications brought about by Senate Bill 136 to judgments already final on appeal (Stats. 2021, ch. 728, § 3), and applies retroactively "to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.)

Senate Bill 483 also provides for resentencing of defendants already sentenced to prison term enhancements and sets out specific instructions for any such resentencing. (§ 1171.1, subds. (c)–(e).) For example, section 1171.1, subdivision (d)(1) provides "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the

6

court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."  (§ 1171.1, subd. (d)(1).)

Senate Bill 483 further expresses the Legislature's intent "that any changes to a sentence as a result of [Senate Bill 483] shall not be a basis for a prosecutor or court to rescind a plea agreement."  (Stats. 2021, ch. 728, § 1.)

B.  *Application of Senate Bill 483 and Section 1171.1*

By its text, Senate Bill 483's invalidation of the prior prison term enhancement applies to Thomas.  (§ 1171.1, subd. (a) ["Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."].)

Although the language of the recall and resentencing provisions of section 1171.1 suggests they apply to individuals whose convictions are final, we decide that the statute also provides the appellate remedy for Thomas, who has been sentenced for enhancements under former section 667.5, subdivision (b) but whose judgment is not yet final.  Further, pursuant to the express legislative intent of Senate Bill 483 (and contrary to our original conclusion in this appeal), that remedy does not allow the prosecutor or court to rescind the plea agreement already reached in Thomas's matter.

Accordingly, we will strike the two, one-year prior prison term enhancements previously imposed under former section 667.5, subdivision (b), vacate Thomas's sentence, and remand for resentencing consistent with section 1171.1.  Upon remand, " 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' "  (*People v. Buycks* (2018) 5 Cal.5th 857, 893.)  On resentencing, the trial court shall comply with the provisions of section 1171.1.

7

### III. DISPOSITION

The judgment is modified to strike the two, one-year prior prison term enhancements, the sentence is vacated, and the matter is remanded for resentencing under current law (Pen. Code, § 1171.1).  Following resentencing, the trial court is directed to prepare a new abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

_____
Danner, J.

WE CONCUR:


_____
Greenwood, P.J.


_____
Grover, J.


**H047467**
***People v. Thomas***